# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EMERSON BLAINE HUNT,

       Plaintiff,

v.                                       No. CIV 97-0032 JP/JHG

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,[1]

       Defendant.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION
### NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

### PROPOSED FINDINGS

1.     Plaintiff (Hunt) invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner). The Commissioner determined Hunt is not eligible for disability insurance benefits or supplemental security income. Hunt moves this Court for an order remanding this matter to the Commissioner for

---

[1] On September 29, 1997, Kenneth S. Apfel was sworn in as Commissioner of Social Security. Pursuant to **Fed. R. Civ. Pro. 25 (d)**, Kenneth S. Apfel, Commissioner of Social Security, is substituted for John J. Callahan, Acting Commissioner of Social Security, who was appointed to succeed Shirley S. Chater, Commissioner of Social Security, effective March 1, 1997, as the defendant in this action.

a rehearing. This Court reviews the Commissioner's decision to determine whether his findings are supported by substantial evidence and whether he applied correct legal standards in making his decision. ***Washington v. Shalala,*** **37 F.3d 1347, 1349 (10th Cir. 1994)**.

**Administrative History**

2.      Hunt's applications for disability insurance benefits and supplemental security income were denied at the administrative level both initially and on reconsideration. Hunt requested and received *de novo* review before an administrative law judge (ALJ). The ALJ held a hearing on May 23, 1995, at which Hunt and his attorney appeared. On July 18, 1995, the ALJ found that Hunt was not disabled within the meaning of the Social Security Act . On November 29, 1996, the Appeals Council denied Hunt's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes.

**Statement of Facts**

3.      Hunt filed his applications for supplemental security income and disability insurance benefits on June 9, 1992, alleging disability since March 15, 1991, due to recurrent peptic ulcer disease, degenerative lumber disc disease, back discomfort secondary to pelvic tilt resulting from, shortening of the left lower extremity, mild right thoracic scoliosis, mild osteoarthritis in both knees, and cervical disc disease with spondylosis. Tr. 11-12. He was 54 years old on the date of the ALJ's decision. Tr. 11. He was illiterate but able to communicate in English and had worked as a wood cutter and a construction industry house cleaner. *Id.*

**The Decision of the Commissioner**

4.      The ALJ determined that Hunt had not engaged in substantial gainful activity since his alleged onset date. Tr. 12. At step two, the ALJ found Hunt had a severe impairment or

combination of impairments consisting of recurrent peptic ulcer disease, degenerative lumbar disc disease, back discomfort secondary to pelvic tilt resulting from shortening of the left lower extremity, mild right thoracic scoliosis, mild osteoarthritis of both knees, and cervical disc disease with spondylosis. *Id*. At step three, the ALJ found these impairments, singly or in combination, did not meet the listings. Tr. 12-13. The ALJ found Hunt's testimony of subjective complaints and functional limitations was not supported by the evidence as a whole in the disabling degree alleged and therefore lacked credibility. Tr. 15. At step four, the ALJ determined Hunt retained the residual functional capacity to perform his past work as a construction industry house cleaner as he actually performed it. Tr. 16. The ALJ thus concluded Hunt was not disabled within the meaning of the Social Security Act. *Id.*

**Discussion**

5.       The function of this Court on review is not to try the plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence and whether he applied correct legal standards. ***Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992)**. The district court should not blindly affirm the Commissioner's decision, but must instead scrutinize the entire record to determine if the decision is supported by substantial evidence and if the law was correctly applied. ***Hogan v. Schweiker,* 532 F.Supp. 639, 642 (D. Colo. 1982)**.

6.       Substantial evidence is more than a mere scintilla. ***Richardson v. Perales,* 402 U.S. 389, 401 (1971)**. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1047 (10th Cir. 1993)**. Failure to apply correct legal standards also constitutes grounds for reversal. ***Id.***

7.     The Social Security Administration has promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. **20 C.F.R. §§ 404.1520 and 416.920 (1992)**. At the first three levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under **20 C.F.R. Part 404, Subpt. P, App. 1 (1992)**.

8.     If the plaintiff cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past. **20 C.F.R. §§ 404.1520 and 416.920 (1992)**. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.* If a determination of disability is made at any step, further inquiry is not required. *Id.*

9.     Hunt argues the ALJ applied an erroneous standard to evaluate his pain; failed to consider the combined effects of his impairments on his residual functional capacity; and the list of daily activities cited by the ALJ to support his finding that he can return to his past relevant work is improper.

10.     Hunt first claims the ALJ failed to consider substantial evidence of disabling pain. In evaluating a claim of disabling pain, the appropriate analysis considers (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain and (3) whether, in light of all the evidence, both objective and subjective, the pain is in fact disabling. ***Glass v. Shalala*, 43**

**F.3d 1392, 1395 (10th Cir. 1994) (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir.**

**1987)).** In this case, the ALJ considered all the *Luna* factors in his analysis. Tr. 13. The ALJ

discussed the objective medical evidence, including *inter alia* the reports of Drs. Blaylock,

Manenti and Gonzalez. Tr. 13-15. The ALJ then analyzed whether there was a loose nexus

between the evidence and his complaints by considering such factors as his low back pain,

pain in his right hip, and occasional mid-epigastric pain. *Id.* The ALJ then found, in light of

all the evidence, that the pain was not disabling. A review of the record and the decision

establishes the ALJ properly considered all the evidence regarding Hunt's pain and

substantial evidence of record supports his findings.

      11.     Hunt contends the ALJ failed to consider the combined effects of his

impairments on his residual functional capacity. The Commissioner must consider the

combined effects of impairments which may not be severe individually, but which in

combination may constitute a severe medical disability. ***Hargis v. Sullivan*, 945 F.2d 1482,**

**1491 (10th Cir. 1991).** The ALJ analyzed Hunt's impairments under three listings to

determine whether his condition met or equaled any of them. Tr. 12. The ALJ found Hunt's

condition did not meet the listing. As required, The ALJ considered the combined effects of

Hunt's impairments in making this determination. *Id.* Thus, the ALJ applied correct legal

standards and substantial evidence supports his decision at step three.

      12.     Hunt argues the list of daily activities cited by the ALJ to support his finding that he

can return to his past relevant work is improper. The ALJ may consider  anecdotal evidence, along

with the medical evidence, to determine whether a claimant is disabled. ***Talbot v. Heckler*, 814 F.2d**

1456, 1462 (**10th Cir. 1987**). In this case, the ALJ considered Hunt's daily activities, along with the rest of the evidence, in analyzing his residual functional capacity. Tr. 13-15. This was not error. Furthermore, the ALJ properly ascertained the physical demands of his past work before he found he was able to return to his past relevant work as an industry house cleaner. A claimant is not disabled if he is able to perform the kind of work he performed in the past as actually performed by him. ***Andrade v. Secretary of Health and Human Services*, 985 F.2d at 1050.** The ALJ properly analyzed Hunt's residual functional capacity and his past relevant work. In sum, the ALJ applied correct legal standards and substantial evidence supports his decision.

## RECOMMENDED DISPOSITION

The ALJ applied correct legal standards and substantial evidence supports the decision. The motion to reverse or remand administrative agency decision should be denied and this case should be dismissed.

JOE H. GALVAN
**UNITED STATES MAGISTRATE JUDGE**

6